The order below is hereby signed.

Signed: April 25 2022



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | Case No. 22-00011-ELG |
| **The Celeste Group LLC,** | Chapter 11 |
| Debtor. | |

### ORDER FOR ALISHA GORDON, ESQ. AND THE LAW OFFICES OF A. GORDON, P.C. TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

On April 21, 2022, the Court held a hearing (the "Hearing") on (i) two contested motions to sell real property free and clear of liens (the "Sale Motions") filed by The Celeste Group, LLC by counsel Alisha E. Gordon, Esquire of the Law Offices of A. Gordon, P.C. ("Counsel") and (ii) the contested *Motion to Determine Debtor to be Subject to Provisions of 11 U.S.C. § 362(d)(3) filed by WCP Fund I, LLC as servicer for 1Sharpe Opportunity Intermediate Trust* ("WCP") at which counsel for WCP, a trial attorney for the Office of the United States Trustee, and William P. Byrd of the Law Offices of William P. Byrd "standing in for Alisha Gordon" appeared. Neither Counsel nor the principal for the Debtor appeared at the Hearing.

Pursuant to this Court's Local Bankruptcy Rules 5070-1 and 9013-1(b)(3), the Debtor, by Counsel, self-selected and filed corresponding notices of hearing setting the hearing on the Sale Motions on April 21, 2022 at 10:00 a.m. *See* ECF Nos. 48 & 51. No motion to continue or reschedule the Hearing was filed by Counsel or the Debtor after they selected and noticed the date

and time of the Hearing. In light of the above acts and as more fully set forth herein, Counsel shall appear <u>in-person</u> on May 16, 2022 at 9:30 a.m. to show cause why this Court should not hold Counsel in contempt, order disgorgement of fees, order payment of opposing counsel's fees related to the Hearing, vacate the order approving counsel's employment, and/or otherwise sanction Counsel pursuant to Federal Rule of Bankruptcy Procedure 9011(c) (the "Bankruptcy Rules" and each individually a "Bankruptcy Rule"), 11 U.S.C. § 327,[1] § 329, and/or § 105 for her violations of, *inter alia*, Local Bankruptcy Rule 9010-3, Local Bankruptcy Rule 9010-4, § 327, Bankruptcy Rule 2016(b), Bankruptcy Rule 9011(b), and/or District Court LCvR 83.13.[2]

### A.    Background

In order to fully capture the basis for this Order, the Court first reviews the terms and conditions of Counsel's employment in this case followed by the conduct of Counsel for which she must show cause.

#### i.    *Employment of Counsel*

On January 27, 2022, the Debtor, by Counsel, filed a voluntary petition under chapter 11 (the "Petition"). ECF No. 1. Concurrent with the Petition, Counsel filed her *Disclosure of Compensation of Attorney for Debtor* (ECF No. 3), which disclosed that Counsel received a retainer of $4,000 from "The Celeste Group LLC c/o Kim Cherry Burnett" and would provide services in this case at an hourly rate of $275. ECF No. 3. A month later, on February 27, 2022, the Debtor filed its *Application for Authority to Employ Law Offices of Alisha Gordon as Counsel*

---

[1] All section references herein shall be to 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") unless otherwise specifically indicated.

[2] Since the filing of the Petition, numerous delays occurred due to Counsel's failure to timely meet deadlines and submit orders relating filing schedules and other pleadings in this case. However, while these deficiencies potentially raise questions as to the competency of Counsel, they are not the actions upon which this Order to Show Cause arises. The actions necessitating this Order to Show Cause are set forth below. Nothing herein should be deemed to limit this Court's ability to address the other competency issues at a future date.

*for the Debtor* (ECF No. 25) (the "Application"). The Application includes in paragraph 8 an extensive list of the services to be provided by Counsel to the Debtor, including, in relevant part, "[i]f applicable, traveling to and from the Courthouse to represent the Debtors at the meeting of creditors, extend lift stay, confirmation hearing & <u>all other Court appearances</u>." Appl. at 3, ECF No. 25 (emphasis added). In addition, the Application states in paragraph 17, "Debtor submits that [Counsel] has not entered into any agreement to share any compensation received in connection with this Chapter 11 case with any entity other than its members or counsel in accordance with Section 504 of the Bankruptcy Code." *Id.* at 5. On March 23, 2022, the Court entered the *Order Authorizing Employment of Alisha E. Gordon, Esq. by Way of the Law Offices of A. Gordon* (ECF No. 45) (the "Employment Order"), which was uploaded for the Court's consideration by Counsel and included a representation that Counsel "does not represent the Debtor's sole member Kim Burnett, [sic] individually".

After the expiration of the objection period on the Application but before entry of the Employment Order, on March 18, 2022, Counsel filed a copy of a document titled the "*DC Chapter 11 Bankruptcy Case 22-00011 In re: The Celeste LLC Retainer Agreement Between Law Offices of Alisha Gordon and The Celeste LLC*" (the "Retainer Agreement"). The Retainer Agreement was not referenced in the Employment Order as supplementing the terms and conditions of the Application, though the Court infers that the Retainer Agreement was filed by Counsel upon request of the Office of the United States Trustee prior to receiving the office's consent to the Employment Order.

Upon closer review, the Court notes that the Retainer Agreement is (i) undated, (ii) unsigned by Counsel, and (iii) includes the Debtor's case number in the title despite purporting to have been executed by the Debtor's designee pre-petition. Retainer Agreement, ECF No. 40.

Considering the events at the Hearing, the Court further notes that the Retainer Agreement provides in paragraph 8 that Counsel is in no way "associated with any other Attorney outside the undersigned Attorney's law offices." *Id.* at 2. In addition, in paragraph 6(d), the Retainer Agreement states that the services provided therein includes "appearances at Court hearings." *Id.* Despite the written terms of the Retainer Agreement with the Debtor, such terms are completely inconsistent with Counsel's conduct in this case, which gives rise to this Order.

    ii.    *Conduct of Counsel*

On February 8, 2022, the Court scheduled an initial, virtual chapter 11 status hearing in this case on March 9, 2022 at 10:30 a.m. Counsel was served with notice of the status hearing by CM/ECF notification by email on February 8, 2022. When the status hearing was called on March 9, 2022, Counsel failed to appear. As a courtesy, the Court contacted Counsel regarding the hearing and, approximately an hour later, the Court recalled the case at which time Counsel appeared for the status conference (from her vehicle) and the Debtor designee appeared shortly thereafter. At the recalled March 9, 2022 hearing the Court admonished Counsel for her tardy appearance and reminded Counsel of the need for the Debtor designee to appear at substantive hearings in the future.

Despite the courtesy and admonishment of the Court at the March 9 hearing, on April 21, 2022, Counsel and the Debtor designee failed to appear at the virtual Hearing. Unlike the March 9, 2022 hearing, which was scheduled and noticed by the Court, the April 21, 2022 hearing was noticed and scheduled by Counsel for two separate matters. Due to delays in other matters before the Court, the April 21, 2022 was not promptly called at 10:00 a.m., but over an hour later. Because the April 21, 2022 virtual hearing was conducted by Zoom for Government, the Court was able to ascertain that Counsel was not present for the 10:00 a.m. hearing prior to officially calling the case

for hearing. Once again, as a courtesy, the Court reached out to Counsel regarding her appearance and was advised she was "unable to appear." Instead, when this case was called, William Byrd, Esq. of the Law Offices of William P. Byrd (i.e. not a member of the Law Offices of A. Gordon LLC), a member of the bar of this Court, noted his appearance as "standing in" for Counsel.

Upon questioning by the Court before calling any of the substantive matters, Mr. Byrd candidly represented that while he had heard of the Debtor, he had no representation agreement with the Debtor and had no knowledge of the merits or specifics of the three motions pending before the Court at the Hearing. The Court finds that Mr. Byrd was completely candid with the Court, and fully and thoroughly addressed the questions the Court presented to him regarding his inability to proceed with the substantive matters. Therefore, while the Court appreciates Mr. Byrd's efforts to cover for Counsel at the hearings on April 21, 2022, given his lack of substantive knowledge, his appearance was insufficient to even be considered one of appearance counsel. While there is no specific rule in this Court, the Court notes that the use of appearance counsel is discouraged and, in many courts, strictly prohibited where the proceeding is substantive in nature. *See In re D'Arata*, 587 B.R. 819, 825-26 (Bankr. S.D.N.Y. 2018) (collecting cases). However, the Court expects, at a minimum, that appearance counsel will be well prepared to represent a debtor and be authorized to speak on the debtor's behalf. *See generally id.* (discussing the requirements, expectations, and issues with appearance counsel). That was not the situation in this case. Furthermore, Mr. Byrd is not employed by the Debtor and neither the Retainer Agreement nor the Employment Order authorize Counsel to utilize or employ another firm to comply with her duties as counsel for the Debtor. Therefore, despite the appearance of Mr. Byrd, the Court finds that there was no appearance of counsel for the Debtor on April 21, 2022 in violation of Local Bankruptcy

Rule 9010-3, Local Bankruptcy Rule 9010-4(a), Bankruptcy Rule 9011(b), and/or the Employment Order.

In response to questioning from the Court, Mr. Byrd stated that in addition to appearing in this Court as an attorney, at other times he assisted Counsel in the preparation of schedules and data for her cases in a role as "paralegal" including in the Debtor's case. Each category of services by Mr. Byrd raises a separate concern to the Court, particularly due to paragraph 8 of the Retainer Agreement. Upon review of the Local Form 10 Bankruptcy Rule 2016(b) disclosures filed in this case, the Court notes that Counsel checked the box for "I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm." *See* ECF No. 3. Nevertheless, Mr. Byrd has worked for Counsel in apparently both a "paralegal" capacity and under some sort of "court coverage" arrangement, contrary to the terms of her approved employment and compensation. Accordingly, the Court finds that Counsel must show cause why she has not violated § 327, Bankruptcy Rule 2016(b), Bankruptcy Rule 9011(b), and/or District Court LCvR 83.13.

Therefore, for the reasons stated herein it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1) Alisha Gordon, Esq. and the Law Offices of A. Gordon, P.C. shall appear <u>in-person</u> at a hearing on May 16, 2022 at 9:30 a.m. (the "Show Cause Hearing") to show cause why they have not violated Local Bankruptcy Rule 9010-3, Local Bankruptcy Rule 9010-4, § 327, Bankruptcy Rule 2016(b), Bankruptcy Rule 9011(b), and/or District Court LCvR 83.13 and why sanctions should not be imposed under Bankruptcy Rule 9011(c), § 327, § 329, and/or § 105. Due to the anticipated hybrid nature of the Show Cause Hearing, it shall be held in a to be determined alternate courtroom in the E. Barrett Prettyman Courthouse. Parties wishing to appear should

contact the Courtroom Deputy on or before May 13, 2022 for the courtroom number or, if applicable, the Zoom for Government information. The Show Cause Hearing shall be an evidentiary hearing.

2) Ms. Gordon shall have until May 9, 2022 to file any responsive pleading to this Order prior to the Show Cause Hearing.

3) Counsel for WCP shall, no later than May 13, 2022, file with the Court a statement of fees associated with counsel's appearance at the April 21, 2022 Hearing.

[Signed and dated above.]

Copies to: the Debtor, United States Trustee, all counsel of record.